```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DEREK DZUGAS-SMITH, DONNA DZUGAS-SMITH
and STEPHEN DZUGAS-SMITH,

                Plaintiffs,             MEMORANDUM & ORDER
                                        07-CV-3760 (JS)(ARL)
        -against-

SOUTHOLD UNION FREE SCHOOL DISTRICT,

                Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:     Anne Marie Richmond, Esq.
                   Law Office of A.M. Richmond
                   Post Office Box 1215
                   Buffalo, NY 14213

                   Richard H. Wyssling, Esq.
                   375 Linwood Avenue
                   Buffalo, NY 14209

For Defendants:    Christopher F. Venator, Esq.
                   Ethan D. Balsam, Esq.
                   Ingerman Smith, LLP
                   150 Motor Parkway, Suite 400
                   Hauppauge, NY 11788
```

SEYBERT, District Judge:

Plaintiffs have moved for fees-on-fees under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"). For the foregoing reasons, Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

BACKGROUND

Plaintiffs are Derek Dzugas-Smith and his parents. In 2002, a neuro-psychologist diagnosed Derek as learning disabled. In response, the Southold Union Free School District classified

him as learning disabled, and granting him special assistance in reading.  In May 2003, the School District recommended declassifying him.  Plaintiffs objected to the declassification and sought an impartial hearing.  For this impartial hearing, Plaintiffs retained John J. McGrath, Esq. to represent them.

The impartial hearing concluded with the hearing officer determining that Derek was properly declassified, but ordering that Plaintiffs be reimbursed for the cost of the laptop computer they bought him.  Plaintiffs appealed this decision, but Mr. McGrath did not represent them in the appeal. On appeal, the State Review Officer vacated the decision to declassify Derek, finding that Defendant had committed numerous procedural errors in declassifying him, and remanded for further proceedings.  A second impartial hearing took place.  This time, the hearing officer sided with the Plaintiffs, concluding that Derek suffered from a speech or language impediment.  Defendant appealed, but the hearing officer's decision was upheld.

Plaintiffs then sued under IDEA to recover Mr. McGrath's attorney fees and costs incurred in connection with his representation of them during the first impartial hearing. Under IDEA, the Court "in its discretion, may award reasonable attorneys' fees as part of the costs" to "a prevailing party who is the parent of a child with a disability."  20 U.S.C. §

1415(i)(3)(B)(i)(I). Initially, Plaintiffs demanded $42,980 in attorney's fees and costs. See Compl. at p. 7. On April 2008, Plaintiffs filed an Amended Complaint which increased their demands to $81,163.35 in attorney's fees and $2,750 in reimbursement for the cost of the laptop computer. On September 25, 2008, Defendant served a FED. R. CIV. P. 68 Offer of Judgment, in which they agreed to: (1) pay $42,980 in attorney's fees and costs to Mr. McGrath; (2) pay $8,000 in attorney's fees to Ann Richmond, Esq., who represents Plaintiffs in this action; and (3) pay Plaintiffs $2,350 for the computer, provided that Plaintiffs return it to Defendant. On October 6, 2008, Plaintiffs rejected this Offer of Judgment.

On September 17, 2009, the Court conducted an evidentiary hearing. After the hearing, the Court awarded Plaintiffs $13,524.75 in attorneys' fees and costs and $2,150 for the cost of the laptop computer. In so ordering, the Court severally discounted Mr. McGrath's requested fees because, among other things: (1) he achieved no direct success himself; (2) while his work contributed to Plaintiffs' ultimate success on appeal, the Court believed it was not primarily responsible for this success; and (3) at the time he represented Plaintiffs, he had limited experience as an IDEA lawyer, and thus could not justify the rates he sought, which substantially exceeded the

rate Plaintiffs agreed to pay him. The Court's award did not require Plaintiffs to return the computer to Defendant.

Plaintiffs now seek $36,723.51 in attorney's fees and costs for bringing this action, and an additional $1,800 in attorney's fees for bringing this fees-on-fees motion.

DISCUSSION

IDEA permits prevailing parties to recover attorney's fees and costs incurred to enforce a disabled child's rights under the statute. See 20 U.S.C. § 1415(i)(3)(B)(i). IDEA also permits prevailing parties to recover fees incurred in seeking attorney's fees under IDEA, sometimes known as a fees-on-fees motion. See A.R. ex rel. R.V. v. New York City Dept. of Educ., 407 F.3d 65, 83 (2d Cir. 2005).

A prevailing party's right to attorney's fees rests in the Court's "discretion." 20 U.S.C. § 1415(i)(3)(B)(i). And, even if the Court chooses to award fees, it may reduce the fees awarded for numerous reasons, depending on a case's facts.

Here, the Court finds that Plaintiffs are entitled to fees-on-fees. However, Plaintiffs are not entitled to anywhere near what they seek as a fees-on-fees award.

To begin with, on September 25, 2008, Defendant conveyed a FED. R. CIV. P. 68 Offer of Judgment. When applied to fee shifting statutes, an Offer of Judgment "precludes a

4

plaintiff from recovering attorneys' fees incurred after the making of the Rule 68 offer," if "the plaintiff does not ultimately receive a "more favorable judgment." Boisson v. Banian Ltd., 221 F.R.D. 378, 380 (E.D.N.Y. 2004) (interpreting Marek v. Chesny, 473 U.S. 1, 12, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985)); FED. R. CIV. P. 68(d).[1]

Here, Defendant's Offer of Judgment entitled Plaintiffs to $45,330, plus $8,000 in attorney's fees for bringing this action. Plaintiffs rejected this Offer, and ultimately collected only $15,674.75. Thus, Defendant argues, Plaintiffs did not receive a "more favorable judgment," and cannot recover any attorney's fees post-dating the September 25, 2008 Offer of Judgment. In response, Plaintiffs argue that "it cannot be disputed that the Court's no-strings-attached judgment

---

[1] There is some authority which defines the cut-off period as the date plaintiffs reject the offer, not the date the offer was made. See Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008). This authority apparently stems from some careless dicta in Marek which, in contrast with the case's holding, spoke about plaintiffs not recovering attorney's fees "after the offer is rejected." Marek, 473 U.S. at 10. Most cases have interpreted Marek in accord with its holding, not its dicta. See, e.g., Boisson, 221 F.R.D. at 380; Ciraolo v. City of New York, 97-CV-8208, 2000 WL 1521180, at *2 (S.D.N.Y. 2000) Christian v. R. Wood Motors, Inc., 91-CV-1348, 1995 WL 238981, at *6 (N.D.N.Y. 1995). And, as FED. R. CIV. P. 68(d) specifically defines the cut-off period as when "the offer was made," this is interpretation not only comports with Marek's holding, but also with Rule 68's plain meaning. Accordingly, the Court adopts the date the offer was made as the cut-off date.

was more favorable," because the Court did not require Plaintiffs to return the computer they purchased for their son. Plaintiffs' argument is ridiculous. As the Court found, the laptop computer was worth $2,150 when purchased. It has surely depreciated by now. Plaintiffs (and/or Mr. McGrath) could have purchased several dozen laptop computers with the roughly $30,000 they left on the table by not accepting Defendants' Rule 68 Offer. It follows then that Plaintiffs did not receive a more favorable judgment than the rejected Offer of Judgment, so they cannot collect any fees post-dating September 25, 2008, including fees incurred in making this motion.

Considering Plaintiffs' fee request only to the extent it pre-dates the Offer of Judgment, Plaintiffs request $29,418.35 in fees, representing 78.93 hours at $350 per hour, 8.5 hours of travel time at $175 per hour, and $305.35 in disbursements. Richmond Aff. ¶ 42. This request is much too high, for several reasons.

First, as an initial matter, Plaintiffs miscalculated Ms. Richmond's total hours. The Court's own count (checked by two members of the Court's staff) comes to 77.05 total attorney hours through September 25, 2008, not 78.93 hours.

Second, the Court disputes Plaintiffs' position that Ms. Richmond is entitled to a rate of $350 per hour. Under

6

IDEA, attorneys are entitled to fees "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C); A.R. ex rel. R.V., 407 F.3d at 79. Here, Plaintiffs have submitted no evidence of what the "prevailing" rate for the "kind and quality of services" Ms. Richmond rendered would be. At most, Plaintiffs have provided: (1) the Retainer Agreement they signed with Ms. Richmond; and (2) Ms. Richmond's statement that another attorney, Andrew Cuddy, suggested charging $350 an hour as an appropriate prevailing rate. Because whatever Mr. Cuddy told Ms. Richmond is hearsay, the Court ignores it. That leaves the Retainer Agreement as the sole piece of evidence concerning the kinds of rates an attorney with Ms. Richmond's skill and experience can charge. The Retainer Agreement provides for a $250 an hour fee. So this is what the Court awards Ms. Richmond.

Third, the Second Circuit has instructed that defendants should not be penalized for a plaintiff's choice of out-of-district counsel, unless "the case required special expertise beyond the competence of [forum district] law firms." See Simmons v. New York City Transit Authority, 575 F.3d 170, 175 (2d Cir. 2009). Although Simmons concerned hourly rates, not travel time, its logic applies with at least equal force to

travel time.  There is no reason why Defendants should incur greater liability simply because Plaintiffs inexplicably retained a Buffalo-based attorney, when legions of competent Eastern District lawyers could have represented them.  See Hahnemann University Hosp. v. All Shore, Inc., 514 F.3d 300, 312 (3rd Cir. 2008) ("under normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel").  Accordingly, the Court awards Plaintiffs only a single hour of attorney travel time, at $125 an hour (half Ms. Richmond's awarded rate).

Fourth, Ms. Richmond has not sufficiently documented her work.  Ms. Richmond's time records are replete with terse and cryptic entries, such as "Correspondence:, client, AKC re McG case," and "Correspondence: to client re developments," that make it difficult for the Court to determine whether Ms. Richmond billed an appropriate number of hours.  Courts are entitled to reduce an attorney's fee request for "vagueness, inconsistencies, and other deficiencies in the billing records." Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998). Here, as in Kirsch, the Court finds that a 20% haircut is appropriate.

Finally, the Court has broad discretion to reduce a fee award based on Plaintiffs "partial or limited success" on the merits. Kassim v. City of Schenectady, 415 F.3d 246, 256 (2d Cir. 2005); Todaro v. Siegel Fenchel & Peddy, P.C., 697 F. Supp. 2d 395, 401 (E.D.N.Y. 2010). Here, the Court believes that a significant discount is appropriate. Including the laptop computer's alleged cost, Plaintiffs sought $83,913 in fees and costs. They recovered 18.68% of that, or $15,674.75. Given the circumstances of this case, including a rejected Offer of Judgment that would have provided Plaintiffs with substantially more relief, the Court – in its discretion - finds that Plaintiffs' percentage of recovery provides compelling guidance on how much it should discount Plaintiffs' fee request. Accordingly, the Court reduces Plaintiffs' fee recovery by an additional 81.32%, to reflect Plaintiffs' limited success on the merits.

To summarize: the Court awards Ms. Richmond a rate of $250/hr for 77.05 hours of attorney time, and $125/hr for one hour of travel time. This comes to $19,387.50. The Court then reduces this sum by 20%, or $3,877.50, because of Ms. Richmond's vague time records. This leaves a fee award of $15,510. The Court further reduces this fee award by 81.32%, or $12,612.73, to reflect Plaintiffs' limited success on the merits. It

9

follows then that the Court awards Plaintiffs only $2,897.27 in attorney's fees. The Court also awards Plaintiffs $305.35 for costs and disbursements that predate the Offer of Judgment.

## CONCLUSION

Plaintiffs' motion for attorney's fees and costs (Docket No. 38) is GRANTED IN PART AND DENIED IN PART. The Court awards Plaintiffs $2,897.27 in attorney's fees, and $305.35 in costs.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  27 , 2010
       Central Islip, New York